1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT FOR THE

7                        EASTERN DISTRICT OF CALIFORNIA

8

9   UNITED STATES OF AMERICA,      )      No. CR-F-5237 OWW
                                    )      (No. CV-F-98-5754 OWW
10                                  )
                                    )      ORDER DENYING PETITIONER'S
11              Plaintiff/          )      MOTIONS TO VACATE PURSUANT
                Respondent,         )      TO RULE 60(b), FEDERAL RULES
12                                  )      OF CIVIL PROCEDURE, FOR LACK
           vs.                      )      OF JURISDICTION AND DENYING
13                                  )      PETITIONER'S MOTION TO TREAT
                                    )      MOTIONS AS AN INDEPENDENT
14  MARTIN OROZCO,                  )      ACTION (Docs. 144, 145, 146,
                                    )      147, 148, 149)
15                                  )
                Defendant/          )
16              Petitioner.         )
                                    )
17  _____)

18

19       Petitioner Martin Orozco was convicted pursuant to a guilty

20  plea of distribution of methamphetamine in violation of 21 U.S.C.

21  § 841(a)(1) and possession of a listed chemical to be used to

22  manufacture methamphetamine in violation of 21 U.S.C. §

23  841(d)(2).  Petitioner was sentenced to 210 years imprisonment

24  and five years of supervised release.  As part of his plea,

25  Petitioner also agreed to forfeit $69,750 pursuant to 21 U.S.C. §

26  853.  Petitioner appealed his sentence to the Ninth Circuit,

                                   1

which affirmed in an unpublished disposition filed on August 27, 1997.

On July 7, 1998, Petitioner timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  In his Section 2255 motion, Petitioner raised as claims for relief: (1) ineffective assistance of counsel during sentencing based on counsel's failure to object to that the 84 pounds of ephedrine and 26 pounds of lidocaine provided to Petitioner by the undercover agent could not produce methamphetamine; and (2) ineffective assistance of counsel because of counsel's failure to move for a downward departure based on Petitioner's status as a deportable alien.  On December 16, 1998, Petitioner filed a motion to supplement the Section 2255 motion in which he asserted as claims for relief: (1) "state officers and federal agents 'under color of law' solicited, distributed, and delivered a 'List I chemical' in violation of state and federal laws"; (2) "Government agents and attorneys agreed to conceal unregulated transfer of "List I chemicals" from the U.S. District Court for the purpose of perpetuating a legal fraud"; (3) "facially defective indictment was gained by deceiving the Grand Jury and intentionally 'prejudice the defendant', Martin Orozco"; (4) "U.S. District Court lacks jurisdiction to charge and sentence the Defendant"; and (5) "Retained counsel disregarded relevant issues and provided below standard counsel."  By Order filed on December 18, 1998 (hereinafter referred to as the December 18, 1998 Order), Petitioner's Section 2255 motion and supplement to

2

Section 2255 motion were denied on the merits.  On December 30, 1998, Petitioner filed a motion to alter or amend that decision pursuant to Rules 59(e) and 60(b), Federal Rules of Civil Procedure.  Petitioner's motion was denied by Order filed on January 13, 1999.  A certificate of appealability was denied by Order filed on January 27, 1999.  Petitioner appealed the denial of these motions to the Ninth Circuit.  The Ninth Circuit denied Petitioner's request for a certificate of appealability on April 19, 1999 and denied Petitioner's request for reconsideration on June 3, 1999.

Since November 2005, Petitioner has filed two motions for relief pursuant to Rule 60(b), Federal Rules of Civil Procedure. Docs. 144, 147.  In addition, Petitioner filed a motion to treat the Rule 60(b) motions as an independent action. Doc. 145.

On November 15, 2005, Petitioner filed a "Petition for Relief Under 28 USCA, Rules of Civil Procedure; Rule 60(b)(3)(6)".  (Doc. 144).  In this motion, Petitioner asserts that he "will demonstrate and prove that a fraud was committed by the court in allowing the Government to charge Count Four in the Indictment ... [a]nd that the evidence introduced in this court, was fabricated by the drug agents before Orozco took possession of that evidence."  Petitioner contends that, before the undercover agent delivered the ephedrine to Petitioner, the undercover agent "fabricated the evidence by mixing 26-pounds of LIDOCAINE with the Ephedrine".  Petitioner asserts that he is entitled to relief because (1) the United States breached the

3

Plea Agreement "due to the fact that [the AUSA] knew about the fabrication of the evidence by the drug agents, which is a violation of the Federal Rules of Evidence"; (2) that, although Petitioner was represented by counsel at sentencing, Petitioner "did not know at that time that the DA [sic] and the Attorney failed to inform Orozco that the LIDOCAINE-EPHEDRINE mixtures could not be introduced before the court for sentencing, because that evidence was fabricated by the drug agents before Orozco took possession of it; and (3) "Count Four charged in the Indictment is defective because the time Orozco received the manufactured evidence, altered by the under cover agent, it was legally improper for the prosecuting attorney DA [sic] to present evidence which was known to him to be false, manufactured, tampered, altered, or fabricated (by agents of the law enforcement) be charged as a count of conviction against an accused."[1]

On May 24, 2006, Petitioner filed a "Petition for Relief Under 28 USCA, Rules of Civil Procedure, Rule 60(b)(3), Fraud on the Court". (Doc. 147). In this motion, Petitioner asserts as grounds for relief: (1) the "Court misinformed the defendant of the correct potential penalties under Statute 21 USC § 841(b)(1)C) when Count Two lacked drug amounts thereby affecting

---

[1]On March 16, 2006, Petitioner filed a "Memorandum", the subject of which is "Reopening of Judgment", raising the same claims made in the Rule 60(b) motion. (Doc.146). The Clerk's Office erroneously characterized this "Memorandum" as a motion for relief pursuant to Section 2255 and assigned it a civil case number.

the decision-making whether going to jury trial or pleading guilty"; and (2) violation of Rule 11(c), Federal Rules of Criminal Procedure.

The threshold issue is whether this Court has jurisdiction to hear the claims asserted in Petitioner's Rule 60(b) motions.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court discussed the interaction between Rule 60(b), Federal Rules of Civil Procedure, and the AEDPA.  After noting that the AEDPA and its decisions make clear that a "claim" "is an asserted federal basis for relief from a ... judgment of conviction", *id.* at 530, the Supreme Court stated:

> In some instances, a Rule 60(b) motion will contain one or more 'claims.'  For example, it might straightforwardly assert that owing to 'excusable neglect.' Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim ... Similarly, a motion might seek leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied ... Or a motion might contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim ... Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly ....
>
> We think those holdings are correct.  A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute. 28 U.S.C. § 2254 Rule 11.  Using Rule 60(b) to present

5

new claims for relief from a state court's judgment of conviction - even claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2).  The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims 'presented in a prior application,' § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'  In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple.  A motion that seeks to add a new ground for relief ... will of course qualify.  A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred by denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id.* at 531-532.  However, the Supreme Court ruled:

That is not the case ... when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the

6

1                   merits, but some defect in the integrity of
                 the federal habeas proceedings.
2

*Id.* at 532.  The Supreme Court noted:

3

4                   Fraud on the federal habeas court is one
                 example of such a defect.  See generally
                 *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (CA2
5                   2001)(a witness's allegedly fraudulent basis
                 for refusing to appear at a federal habeas
6                   hearing 'relate[d] to the integrity of the
                 federal habeas proceeding, not to the
7                   integrity of the state criminal trial').  We
                 note than an attack based on the movant's own
8                   conduct, or his habeas counsel's omissions,
                 see, *e.g., supra*, at 530-531, ordinarily does
9                   not go to the integrity of the proceedings,
                 but in effect asks for a second chance to
10                  have the merits determined favorably.

11     Here, in the guise of a Rule 60(b) motion, Petitioner is

12 asserting new claims for relief under Section 2255 based on the

13 mixture of lidocaine and ephedrine.  Petitioner's only claim in

14 the Section 2255 motion based on the mixture of lidocaine and

15 ephedrine went to the calculation of his sentence under the

16 Sentencing Guidelines.  In the Supplement to the Section 2255

17 motion, Petitioner raised claims concerning the mixture of

18 ephedrine and lidocaine based on his contention that state and

19 federal agents acted in violation of law.  In addition,

20 Petitioner is seeking to raise new claims based on the

21 sufficiency of the allegations of the Indictment and the

22 sufficiency of the Court's advisement of the relevant penalties.

23 Although Petitioner attempts to argue that fraud on the court was

24 committed during the briefing of the Section 2255 motion, this is

25 not the case because Petitioner, who was aware at the time he

26 filed the Section 2255 motion that the ephedrine was mixed with

7

lidocaine, did not raise any of these claims for relief.  It is clear from Petitioner's briefs that he is not basing these motions to vacate on any fraud causing a defect in the federal habeas proceedings but, rather, on alleged fraud occurring during the underlying criminal proceedings.  Therefore, the exception for fraud noted by the Supreme Court does not apply.[2]

Therefore, Petitioner's motions to vacate must be construed as a second or successive motions pursuant to Section 2255 governed by 28 U.S.C. § 2244.  *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir.), *cert. denied*, 524 U.S. 965 (1998).[3] Consequently, this court lacks jurisdiction to consider the merits of these motions absent authorization from the Ninth Circuit Court of Appeals.  *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

ACCORDINGLY, as set forth above:

1. Petitioner's motions to vacate pursuant to Rule 60(b)(3), (b)(6), Federal Rules of Civil Procedure, (Docs. 144, 146, 147) are DENIED for lack of jurisdiction.

2. Petitioner's motion to treat the Rule 60(b) motions as an

---

[2]Furthermore, to the extent that Petitioner's briefs in support of these motions may be construed to assert fraud in the Section 2255 motion, such assertion is without merit.  The claims raised in that motion did not require the United States to reveal that an undercover agent had mixed lidocaine with the ephedrine and, in any event, such fact was inherently obvious.

[3]Petitioner cannot avoid the restrictions on second or successive motions by attempting to file an independent action under Rule 60(b) to set aside the Order denying the Section 2255 motion based on fraud.  *See Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253, 1277 n.11 (11th Cir.2004), *affirmed on other grounds*, *Gonzalez v. Crosby*, *supra*, 545 U.S. 524 (2005).

independent action (Doc. 145) is DENIED.

_____IT IS SO ORDERED.

**Dated:    January 26, 2007    **           _____/s/ Oliver W. Wanger_____
emm0d6                                        UNITED STATES DISTRICT JUDGE

9